IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Delicato Vineyards, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>Gnarly Grove Cider Co., an Indiana corporation<br><br>Defendant. | Case No. 1:16-cv-02932<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Delicato Vineyards ("Plaintiff" or "Delicato"), by and through its undersigned attorneys, alleges:

**INTRODUCTION**

1. This is a clear case of trademark and trade dress infringement in the alcoholic beverage industry. Delicato is a family owned and operated winery that has been in business for four generations. For over a decade, Delicato has offered GNARLY HEAD wine under a distinctive trademark and trade dress, such as shown below at left. Through significant effort and expense, Delicato has cultivated GNARLY HEAD into one of the most celebrated wine brands in the United States. Accordingly, Delicato was recently distressed to learn that the owners of Simmons Winery in Columbus, Indiana have launched GNARLY GROVE hard cider under a confusingly similar trademark and trade dress, such as shown below at right, in an apparent effort to capitalize on the reputation and goodwill of GNARLY HEAD. On information and belief, GNARLY GROVE hard cider is sold to patrons of GNARLY HEAD wine in overlapping retail and distribution channels in a manner that promotes consumer confusion and violates established rights. Delicato regrets that its repeated, good faith settlement efforts have failed. Accordingly, Delicato is filing this action for trademark and trade dress infringement, false designation of origin, and unfair competition to secure appropriate redress from this Court.

**GNARLY HEAD**

**TRADEMARK AND TRADE DRESS**




**GNARLY GROVE**

**TRADEMARK AND TRADE DRESS**



## THE PARTIES

2. Plaintiff Delicato Vineyards is a California corporation with its principal place of business in Manteca, California.

3. On information and belief, Defendant Gnarly Grove Cider Co. is an Indiana corporation doing business as Gnarly Grove ("Gnarly Grove") with its principal place of business in Columbus, Indiana.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 & 1338 because Delicato's first and second claims arise under federal unfair competition law. This Court has supplemental jurisdiction over Delicato's state law claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Gnarly Grove, among other reasons, because it is an Indiana corporation with its principal place of business in Columbus, Indiana.

6. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(1) because Gnarly Grove resides here and 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Delicato's claims occurred here.

## THE CONTROVERSY BETWEEN THE PARTIES

7. Delicato owns the GNARLY HEAD trademark and trade dress throughout the United States, the State of Indiana, and this judicial district for use with wine. The GNARLY HEAD trademark and trade dress are distinctive, non-functional, and senior to any rights on which Defendant can rely. An example of the GNARLY HEAD trademark and trade dress is shown on page two of this complaint at left.

8. Delicato has used the GNARLY HEAD trademark and trade dress in interstate commerce with wine continuously since at least as early as April 29, 2005.

9. Delicato owns United States Trademark Registration No. 3165707 for the GNARLY HEAD trademark with wine. A copy of this registration is attached hereto as **Exhibit A**.

10. Delicato also owns United States Trademark Registration No. 4777145 for the design shown therein with alcoholic beverages except beers. A copy of this registration is attached hereto as **Exhibit B**.

11. The GNARLY HEAD trademark and trade dress are inherently distinctive and have acquired distinctiveness through widespread use and promotion for more than a decade. Notably, GNARLY HEAD wine has garnered countless accolades for taste and value from publications such as Wine Spectator and Wine Enthusiast. Delicato consistently sells several hundred thousand cases of GNARLY HEAD wine per year. GNARLY HEAD Zinfandel is the top-selling brand of Zinfandel in the country.

12. On information and belief, Simmons Winery is owned and operated by David and Brenda Simmons, who incorporated a new business on December 4, 2014. For some reason, they decided to name their new business Gnarly Grove Cider Co. and to do business as Gnarly Grove. Gnarly Grove is located at 8111 E. 450 N. Columbus, Indiana 47203, which is also the address of Simmons Winery.

13. Gnarly Grove owns the domain names gnarlygrovecider.com and gnarlygrovehardcider.com. It controls the web page at gnarlygrovehardcider.com#!contact-us, where it promotes Simmons Winery in addition to GNARLY GROVE hard cider. It also controls the web page at gnarlygrovehardcider.com#!about-us, where it claims, among other things, that its original hard cider has "a delectable quaint wine like dryness to the finish."

14. On December 15, 2015, Gnarly Grove filed United States Trademark Application No. 86849900 for the mark GNARLY GROVE HARD CIDER with hard cider (the "GNARLY GROVE Application"). The words "Hard Cider" are disclaimed from that application.

15. Gnarly Grove recently started using GNARLY GROVE (individually, without regard to stylization, "the GNARLY GROVE trademark") in a serif font in close association with a whimsical gnarled tree design (collectively, with regard to stylization, "the GNARLY GROVE trade dress"), such as shown on the second page of this complaint at right.

16. On March 30, 2016, shortly after learning about the GNARLY GROVE Application, as well as the GNARLY GROVE trademark and trade dress, Delicato contacted Gnarly Grove through counsel to express concerns and request remedial action. On May 3, 2016, the GNARLY GROVE Application published for opposition in the Official Gazette. That same day, Delicato requested and received a 90-day extension of time to oppose the GNARLY GROVE Application at the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. On July 15, 2016, Delicato timely opposed the GNARLY GROVE Application by filing Opposition No. 91228987 (the "Opposition"). The Opposition remains pending at this time.

17. On September 23, 2016, Delicato served an initial set of written discovery in the Opposition. Among other things, Delicato asked Gnarly Grove how it first conceived of the GNARLY GROVE brand, when it first learned of the GNARLY HEAD brand, and whether it had witnessed actual confusion in the marketplace arising from the similarity of those brands. For some reason, Gnarly Grove has not timely answered this discovery.

18. On information and belief, Gnarly Grove adopted the GNARLY GROVE brand to capitalize on the reputation and goodwill of the GNARLY HEAD brand by mistaking, confusing or deceiving consumers into thinking that these brands share a common source, sponsorship or affiliation, though none exists.

**THE LIKELIHOOD OF CONFUSION**

19. Trademark and trade dress infringement arise from a likelihood of confusion between two brands. This Court weighs the following factors when assessing likelihood of confusion: (1) similarity of the marks, (2) similarity of the goods, (3) area and manner of concurrent use, (4) strength of the senior mark, (5) degree of consumer care, (6) intent of the junior user, and (7) evidence of actual confusion. Here all factors point to likely confusion.

20. First, the trademarks GNARLY HEAD and GNARLY GROVE are extremely similar. In each case, the primary and dominant component is "Gnarly," an unusual and impactful adjective. In each case, the secondary and subordinate component is a monosyllabic

noun that suggests vegetation, either the "Head" of a vine or a "Grove" of trees. The similarity of the parties' design elements aggravates the likelihood of confusion, particularly the similarity of their respective serif fonts and whimsical gnarled plant designs.

21. Second, the goods are also extremely similar. To state the obvious, wine and hard cider are both alcoholic beverages made from fruit. They are often sold together, served together, even mixed together. They are competitive or complementary in the minds of consumers. They have been closely compared by Gnarly Grove itself, which claims its original hard cider has "a delectable quaint wine like dryness to the finish."

22. Third, the parties' marks are used in overlapping areas and channels. On information and belief, GNARLY HEAD wine and GNARLY GROVE hard cider travel through the same retail and distribution channels in Indiana, Kentucky, and Ohio. Gnarly Grove itself offers wine and hard cider under a single roof at 8111 E. 450 N. Columbus, Indiana 47203. The marketplace nexus could hardly be greater.

23. Fourth, the GNARLY HEAD trademark is strong, inherently and commercially. GNARLY HEAD is inherently strong because it is suggestive as applied to wine (i.e., the GNARLY HEAD trademark may suggest but does not describe or directly identify the underlying product). GNARLY HEAD is commercially strong because it has been widely used and promoted for over a decade, during which millions of cases have been sold. It is a sad tribute to the success of the brand that Gnarly Grove is attempting to copy it.

24. Fifth, Gnarly Grove's customers may not exercise great care when purchasing GNARLY GROVE hard cider for a few dollars per serving. By all means, they should enjoy themselves, without experiencing unscrupulous infringement.

25. Sixth, Gnarly Grove is acting with bad intent. It has willfully violated or recklessly disregarded established senior rights, as well as justified consumer expectations. It has ignored repeated warnings to cease its infringement. It has not proceeded innocently. If it had, it should have said so in a timely response to written discovery in the Opposition.

26. Seventh, under these circumstances, consumer confusion is inevitable.

**FIRST CAUSE OF ACTION**

**(Registered Trademark and Trade Dress Infringement—15 U.S.C. § 1114(1))**

27. Delicato incorporates all above paragraphs here.

28. Delicato owns United States Trademark Registration No. 3165707 for the GNARLY HEAD trademark with wine.

29. Delicato also owns United States Trademark Registration No. 4777145 for the trade dress shown therein with alcoholic beverages except beers.

30. Gnarly Grove is using the GNARLY GROVE trademark and trade dress with hard cider, likely mistaking, confusing, or deceiving consumers into believing that Gnarly Grove and/or GNARLY GROVE hard cider share a common source, sponsorship, or affiliation with Delicato and/or GNARLY HEAD wine.

31. Gnarly Grove had actual or constructive knowledge of the GNARLY HEAD registered trademark and registered trade dress before beginning to use the GNARLY GROVE trademark or trade dress.

32. Delicato has not consented to Gnarly Grove's use of the GNARLY GROVE trademark or trade dress. On the contrary, it has expressly and repeatedly objected to such use.

33. Gnarly Grove's unauthorized use of the GNARLY GROVE trademark and trade dress constitutes infringement under 15 U.S.C. § 1114(1).

34. The willful and intentional nature of Gnarly Grove's infringement makes this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of Gnarly Grove's infringement, Delicato has suffered damages in an amount to be determined at trial.

36. As a result of Gnarly Grove's infringement, Delicato has also suffered irreparable injury to its business, reputation, and goodwill. Delicato will suffer such irreparable injury until this Court enjoins Gnarly Grove's infringement.

**SECOND CAUSE OF ACTION**

**(False Designation of Origin—15 U.S.C. § 1125(a))**

37. Delicato incorporates all above paragraphs here.

38. In addition to United States Trademark Registrations No. 3165707 and 4777145, Delicato owns common law rights in the GNARLY HEAD trademark and trade dress throughout the United States of America, the State of Indiana, and this judicial district. These rights precede any rights of Gnarly Grove in the GNARLY GROVE trademark or trade dress.

39. Gnarly Grove is using the GNARLY GROVE trademark and trade dress with hard cider, likely mistaking, confusing, or deceiving consumers into believing that Gnarly Grove and/or GNARLY GROVE hard cider share a common source, sponsorship, or affiliation with Delicato and/or GNARLY HEAD wine.

40. Gnarly Grove had actual or constructive knowledge of the GNARLY HEAD trademark and trade dress before beginning to use the GNARLY GROVE trademark and trade dress.

41. Delicato has not consented to Gnarly Grove's use of the GNARLY GROVE trademark and trade dress. On the contrary, it has expressly and repeatedly objected to such use.

42. Gnarly Grove's unauthorized use of the GNARLY GROVE trademark and trade dress constitutes a false designation of origin under 15 U.S.C. § 1125(a).

43. The willful and intentional nature of Gnarly Grove's false designation of origin makes this an exceptional case under 15 U.S.C. § 1117(a).

44. As a result of Gnarly Grove's false designation of origin, Delicato has suffered damages in an amount to be determined at trial.

45. As a result of Gnarly Grove's false designation of origin, Delicato has also suffered irreparable injury to its business, reputation, and goodwill. Delicato will suffer such irreparable injury until this Court enjoins Gnarly Grove's false designation of origin.

## THIRD CAUSE OF ACTION

## (Common Law Unfair Competition)

46. Delicato incorporates all above paragraphs here.

47. Gnarly Grove's unauthorized, bad faith use of the GNARLY GROVE trademark and trade dress with hard cider in a manner that is likely mistaking, confusing, or deceiving consumers, in willful violation or reckless disregard of established senior rights, is unfair competition under the common law of the State of Indiana.

48. As a result of Gnarly Grove's unfair competition, Delicato has suffered damages in an amount to be determined at trial.

49. As a result of Gnarly Grove's unfair competition, Delicato has also suffered irreparable injury to its business, reputation, and goodwill. Delicato will suffer such irreparable injury until this Court enjoins Gnarly Grove's unfair competition.

## PRAYER

WHEREFORE, Delicato prays for relief as follows:

I. A judgment enjoining Gnarly Grove, and all of its agents, representatives, affiliates and parent companies, and all others acting in privity or concert therewith, preliminarily and permanently, from using the GNARLY GROVE trademark and trade dress, and any other trademark or trade dress that is confusingly similar to the GNARLY HEAD trademark or trade dress, and doing any other act or thing likely to mistake, confuse or deceive consumers into believing that there is any connection between Gnarly Grove, on the one hand, and Delicato or GNARLY HEAD wine, on the other hand;

II. A judgment ordering Gnarly Grove, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Delicato within 30 days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Gnarly Grove has complied with the injunction;

III. A judgment in the amount of Delicato's actual damages, Defendant's profits, Delicato's reasonable attorneys' fees and costs of suit, and pre-judgment interest pursuant to 15 U.S.C. § 1117;

IV. A judgment awarding enhanced damages pursuant to 15 U.S.C. § 1117;

V. A judgment that Defendant shall abandon and surrender United States Trademark Application No. 86849900, the Gnarly Grove Cider Co. corporate name, the Gnarly Grove trade name, and the gnarlygrovehardcider.com and gnarlygrovecider.com domain names, as well as any other application, name, or mark in the United States that includes "Gnarly" and "Grove"; and

VI. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Delicato Vineyards requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jonathan G. Polak
Jonathan G. Polak (Attorney No. 21954-49)
Cristina A. Costa (Attorney No. 31271-29)
Taft, Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46236
(317) 713-3500
jpolak@Taftlaw.com
ccosta@Taftlaw.com
*Counsel for the Plaintiff*